MARY TARDITI, Plaintiff, *v.* LEWIS H. TOMAZZOLLI and CHARLES ZERBARINI, Individually and as Executors of the Last Will and Testament of SERAFINO PIANA, and Trustees of the Trust Therein Created, MARIA PIANA, VICTOR PIANA, CATHERINE PIANA, ADELINA PIANA, PETER PIANA, MATILDA TARDITI, SERAFINO TARDITI, VICTOR TARDITI, Defendants.

(Supreme Court, New York Special Term, June, 1919.)

Trusts — to sell real estate and pay proceeds to designated legatees is a valid trust — statutes — executors and administrators — legacy — when there is no suspension of power of alienation — vesting.

A trust in executors to sell real estate and pay the proceeds to designated legatees is a valid express trust to sell land under the statute.

Where a testator leaves the residue of his estate after certain devises to his executors in trust to mortgage, sell, invest and manage the same, and from it to pay certain legacies, and directs that the remainder be then turned over to his son Peter or to his issue in the event of his death, there is no unlawful suspension of the power of alienation.

The provisions as to the sale of the realty by the executors left them no discretion except as to time and compelled them to distribute the proceeds among the legatees named. Nor did the provisions of the will prevent the legacies from vesting.

ACTION for the construction of a will.

Lind & Pfeiffer, for plaintiff.

Gustav Goodman, for defendants Lewis H. Tomazzolli, Charles Zerbarini, Maria Piana, Victor Piana, Catherine Piana and Adelina Piana.

Benjamin Kessler, guardian *ad litem* of Matilda Tarditi, Serafino Tarditi and Victor Piana and attorney in person.

NEWBURGER, J. Serafino Piana, the testator, died May 26, 1915, leaving him surviving a widow and a

number of children and grandchildren. The estate consists of real and personal property. This action is brought for a construction of the will and a partition of the real property. It is contended that the provisions of the will disposing of the residue are void in that the trust created by the 8th and subsequent clauses of the will suspends the power of alienation for more than two lives in being, and that as to the property thus covered by the 8th and subsequent clauses of the will the decedent died intestate. After directing the payment of debts and funeral expenses the testator devises to his daughter Adelina the premises No. 2173 Bathgate avenue, in the borough of The Bronx, and then provides in the 8th clause that all the rest, residue and remainder of his estate situate in the city of New York, and all his personal estate whatsoever and wheresoever situate, including all sums of money due to him from persons, corporations or partnerships, be devised unto his executors and trustees who shall qualify, and to the survivor of them, in trust, nevertheless, to have, to hold, possess, mortgage, sell, invest and reinvest, and to manage the real and personal estate, and during such time to receive and collect the rents, issues, income and profits, and after paying all lawful expenses and charges to pay over, apply and convey all his real and personal estate in the manner described in the subsequent clauses up to and including the 17th clause. He then directs, in the 18th clause, that his executors and trustees, after the payment of all the legacies to his children, pay, assign, transfer and convey all the rest, residue and remainder of his real and personal estate to his son Peter, to his own use and benefit, the lawful issue of Peter to take in the event of the death of Peter. There is absolutely no justification for the claim that the 8th clause was void for the

reason that the power of alienation of the trust estate was, by the terms of the will, suspended for more than two lives in being at the death of the testator. As has been repeatedly held, the provisions as to the sale by the executors left them no discretion except as to time, and that the money realized on such sale, combined with the personal proceeds of the estate, should be distributed among the recipients of his bounty. It has also been held that the trust in the executors to sell and convert real estate into money and pay over and distribute the proceeds is a valid express trust to sell land for the benefit of legatees under the provisions of section 96 of the Real Property Law. See *Russell* v. *Hilton,* 80 App. Div. 186; *Matter of Wilcox,* 194 N. Y. 288. The intention of the testator has been clearly expressed, and the distribution of the estate, as contemplated by clauses 9 to 19, inclusive, of the will, was undoubtedly for the convenience of the estate so as to enable the executors advantageously to convert the property, and did not prevent the legacies vesting. See *Robert* v. *Corning,* 89 N. Y. 225. A careful reading of the provisions of the will leads to the conclusion that the trust created by the 8th clause was perfectly good. The complaint is dismissed.

Judgment accordingly.